<hr />

619 A.2d 761

**David Harry LAMBERT, Appellee,**

v.

**Geraldine Julia Borsh LAMBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 29, 1992.

Filed Jan. 25, 1993.

Elizabeth L. Bennett, Radnor, for appellant.

Cheryl Young, Norristown, for appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Geraldine Lambert (hereinafter "wife") appeals the order entered January 29, 1992, in the Court of Common Pleas of Delaware County Family Division which granted David Lambert's (hereinafter "husband") petition for a divorce. Husband and wife separated on January 10, 1989. On December 13, 1989, husband filed a complaint in divorce on the grounds that the marriage was irretrievably broken. On April 20, 1990, wife filed a counterclaim which denied that the marriage was irretrievably broken and requested alimony, alimony *pendente lite*, and counsel fees. Husband answered wife's counterclaim on June 1, 1990, and opposed the award of alimony, alimony *pendente lite* and counsel fees. Both parties request-

ed equitable distribution. On October 18, 1990, wife filed a petition for special relief requesting that the court order marriage counseling and direct husband to pay counsel fees. An order directing that the parties participate in counseling was entered on November 20, 1990. As the trial court noted, "no other matters have been brought to the Court's attention for resolution." Trial court opinion, 5/6/92, at 2. Approximately one year after the order for counseling, on November 7, 1991, husband filed an affidavit under Rule 1920.42 of the Pennsylvania Rules of Civil Procedure, requesting the entry of a divorce decree because the marriage was irretrievably broken. Wife did not respond to this affidavit and no master was appointed. On January 10, 1992, husband filed a notice of intent and a request for transmittal of the record for entry of the decree. On January 24, 1992, the court entered a divorce decree in favor of husband. Pursuant to a Delaware County local rule which permits the automatic bifurcation of divorce cases, the court severed the economic issues for a later decision. Wife asserts that this was error and presents three issues for our review:

(1) whether the Delaware County Court of Common Pleas' practice of automatically bifurcating all divorce cases should be discontinued in favor of a case-by-case examination of all issues prior to bifurcation;

(2) whether the practice of automatically bifurcating all divorce cases can be upheld because it shifts the burden to the party adverse to bifurcation and consequently violates the public policy underlying the Divorce Code; and,

(3) automatic bifurcation should be eliminated because it precludes an appellate court from applying an abuse of discretion standard, since the lower court never exercises any discretion in the procedure.

Wife bears the burden of establishing that the trial court abused its discretion. We have articulated many times that:

an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unrea-

sonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983) (citations omitted). In *Wolk*, this Court reversed a trial court's automatic severance of economic issues in a divorce proceeding, consistent with under a procedure established by a local civil rule. Utilizing the abuse of discretion standard, we found that:

"so long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case."

*Wolk* at 318, 464 A.2d at 1362. In *Wolk*, this Court found error in the trial court's entry of a divorce decree because the court did not consider the parties' property rights or make factual findings prior to bifurcation.

Without specifically addressing each of wife's arguments, it is clear that the trial court in this case, by utilizing the automatic bifurcation procedure established in the Delaware County local rules, failed to make any factual determinations prior to bifurcation. Therefore, we reverse the Orders and Decree of Divorce entered by the trial court on January 29, 1992, and remand for a hearing consistent with this memorandum. Jurisdiction is relinquished.

Dissenting statement by WIEAND, J.

WIEAND, Judge, dissenting.

I respectfully dissent. The practice in Delaware County is to grant a bifurcated decree of divorce unless the other party objects. In this case, the wife-appellant did not object. I find nothing improper with the practice in Delaware County and no reason in the instant case for reversing the bifurcated decree. Therefore, I would affirm.